IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Edmond Stanley Adams, III, )<br>)<br>                  Petitioner, )<br>)<br>   vs. )<br>)<br>Warden Eagleton, )<br>)<br>                  Respondent. )<br>                             ) | Civil Action No. 6:12-3424-CMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the petitioner's motion for a preliminary injunction (doc. 21). The petitioner, a state prisoner who is proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

       The petitioner is currently incarcerated in the Evans Correctional Institution. In his motion, he states that he is currently being held in the Special Management Unit ("SMU"). The petitioner alleges that for the last six weeks he has been denied all access to the law library, and, as a result, he cannot prepare his habeas corpus action. The petitioner asks that the court order the respondent to allow him access to a computer or allow him to have law books. The petition in the instant case was filed on December 5, 2012. The deadline for the respondent to make a return or otherwise plead is May 13, 2013.

       "[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v.*

*Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The relief sought by the petitioner is unrelated to the relief he seeks in his habeas corpus petition. Traditionally, preliminary injunctions are sought to "protect the *status quo* and to prevent irreparable harm during the pendency of a lawsuit, ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525 (4th Cir.2003) (citation omitted), *abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006). However, in comparison, mandatory preliminary injunctions, like the one the petitioner seeks here, compel action. The Fourth Circuit explained:

> "Mandatory preliminary injunctions [generally] do not preserve the *status quo* and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980). That is to say, a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind.

2

*Id*. at 526.

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53.

Here, the petitioner does not allege that he has suffered any actual injury, such as missing a particular court deadline, as a result of the respondent's alleged conduct. At most, he speculates to some possible, non-specific future injury. He has not demonstrated that he will likely succeed on the merits of his claims, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Accordingly, the motion (doc. 21) should be denied.

IT IS SO RECOMMENDED.

May 3, 2013                                          s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

*Id*. at 526.

The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53.

Here, the petitioner does not allege that he has suffered any actual injury, such as missing a particular court deadline, as a result of the respondent's alleged conduct. At most, he speculates to some possible, non-specific future injury. He has not demonstrated that he will likely succeed on the merits of his claims, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Accordingly, the motion (doc. 21) should be denied.

IT IS SO RECOMMENDED.

May 3, 2013                                          s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).