IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Edmond Stanley Adams, III, | Civil Action No. 6:12-3424-CMC-KFM |
| Petitioner, | |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| Warden Eagleton, | |
| Respondent. | |

      This matter is before the court on the petitioner's motions for default judgment (doc. 41) and for copies of motion for summary judgment and return (doc. 43). The petitioner, a state prisoner who is proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

      In his motion for default judgment (doc. 41), the petitioner argues that the respondent's deadline to make return or otherwise plead was May 13, 2013, and the respondent failed to timely file. However, the court's docket shows that the respondent timely filed a return and motion for summary judgment on May 13, 2013 (*see* docs. 29, 30). Accordingly, this motion is meritless and should be denied.

      In his second motion (doc. 43), the petitioner states that he received a *Roseboro* order from the court on May 20, 2013, but he has not received the petitioner's return and motion for summary judgment. In response, the respondent notes that the return and motion for summary judgment, along with all attachments, were served on the

petitioner on May 13, 2013, by depositing the same in the United States mail. After the respondent received the petitioner's motion for copies, the respondent contacted Evans Correctional Institution, where the petitioner is incarcerated, and confirmed that two boxes from the Attorney General's Office had been delivered to the petitioner on May 21 and 23, 2013.[1] The respondent attached to the response a copy of the certified mail delivery log from Evans showing the petitioner's signature for receipt of the mail (doc. 46-1). Accordingly, this motion is moot.

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the petitioner's motion for default judgment (doc. 41) be denied. Furthermore,

IT IS ORDERED that the petitioner's motion for copies (doc. 43) is denied as moot.

| | |
|---|---|
| June 13, 2013 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

---

[1] This motion was signed by the petitioner on May 20, 2013.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).